RECEIPT # 75907
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE 10-20-06

FILED
IN CLERKS OFFICE

2006 OCT 20 P 2: 24

U.S. DISTRICT COURT
DISTRICT OF MASS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. WEISS, Plaintiff, and BANK OF AMERICA, N.A., Involuntary Plaintiff | ) ) ) ) MAGISTRATE JUDGE Alexander ) ) |
| vs. | ) 06 CA 11918-DPW ) Civil Action No. |
| UNITED STATES OF AMERICA, BANK OF AMERICA, N.A., THE MASSACHUSETTS DEPARTMENT OF REVENUE, AN ADMINISTRATIVE AGENCY OF THE COMMONWEALTH OF MASSACHUSETTS, and, THE COMMONWEALTH OF MASSACHUSETTS | ) ) ) ) ) ) ) ) DOCKETED ) |

**COMPLAINT TO QUIET TITLE, FOR INTERPLEADER AND DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

The Plaintiff and Involuntary Plaintiff allege the following in support of this complaint seeking to quiet title to that certain depository bank account maintained by Plaintiff with Bank of America, N.A., and, to quiet title to after-acquired property of Plaintiff, with the phrase after acquired property having a meaning identical to that given it in *McDermott v. U.S.*, 507 US 447 (1993) and 26 U.S.C. §6321. In addition, Plaintiff seeks declaratory relief to the effect that so long as certain Federal Tax Liens filed against him by the United States of America by and through the Internal Revenue

Page -1-

Service remain in effect while he completes payments from his income to the United States pursuant to the terms of an Offer in Compromise of internal revenue obligations owed to the United States and compromised pursuant to 26 U.S.C. §7122, his after-acquired property may not be levied upon or otherwise seized by any creditor other than the United States. Further, Plaintiff seeks an injunction in his favor and in the favor of the United States enjoining the Commonwealth of Massachusetts by and through its Department of Revenue from levying upon his property acquired after the filing of the subject Federal Tax Lien(s), which lien(s) will be extinguished when he completes payments to the United States from his income in satisfaction of the aforesaid Offer in Compromise. Further, Plaintiff seeks a declaration that to the extent 28 U.S.C. §1341 is read and applied so as to prevent an Article III court from enforcing *McDermott v. U.S.*, *Id.*, and the Supremacy Clause, it is unconstitutional.

Lastly, Plaintiff seeks an Order compelling the Commonwealth of Massachusetts to transfer to the United States Treasury any and all proceeds of any levy against Plaintiff it has effected from his after-acquired property.

As to Involuntary Plaintiff, Plaintiff assumes it will not object and will consent to any Order allowing it to act as an Interpleader and to deposit funds in the subject deposit account as the Court may order.

## JURISDICTION

1. As to Plaintiff Michael A. Weiss, jurisdiction is based upon 28 U.S.C. §2410(a)(1) and (a)(5). Jurisdiction is also based upon 28 U.S.C. §1331 and 28 U.S.C. §1340.

2. As to Involuntary Plaintiff, Bank of America, N.A., jurisdiction is based upon 28 U.S.C. §1335 and 28 U.S.C. §2361.

## STATEMENT OF THE FACTS

3. Michael A. Weiss ("Mr. Weiss") is an individual residing at 45 Dickson Avenue, in Arlington, Massachusetts. Mr. Weiss is 60 years old, married, and the father of a daughter and a son and grandfather to two grandchildren.

4. Due to certain personal, family and economic calamities, Mr. Weiss, as the responsible person within the meaning of 26 U.S.C. §6671(b) of a now defunct Massachusetts corporation known as Interior Dimensions, Inc., was assessed the so-called Trust Fund Recovery Penalty under 26 U.S.C. §6672 (a) (the "TFRP Assessment") by the Internal Revenue Service.

5. That TFRP Assessment was made against Mr. Weiss by the Internal Revenue Service on March 7, 2005 for undeposited withheld Social Security, Medicare and Federal Income Tax for taxable periods which included those ending June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004 and June 30, 2004, and, for those taxable periods, the United States by and through the Internal Revenue Service filed Federal Tax Liens against Mr. Weiss in the Southern Middlesex Registry of Deeds on October 3, 2005, Lien Serial #251561205. On October 19, 2006 the United States by and through the Internal Revenue Service filed Federal Tax Liens in its favor against Mr. Weiss in the United States District Court for the District of Massachusetts, Lien Serial #323578506 as to those same assessed taxable periods. Lien Serial #251561205 was filed by the Automated Collection Service of the Internal Revenue

Service and a copy of that Federal Tax Lien is attached as Exhibit 1. Lien Serial #323578506 was filed by the Internal Revenue Service with the United States District Court of the District of Massachusetts and a copy of that Federal Tax Lien is attached as Exhibit 2.

6. The United States has yet to file Federal Tax Liens to secure its position and protect the interests of the United States in the United States District Court for the District of Massachusetts for the remaining taxable periods of the TFRP Assessment assessed on March 6, 2005: September 30, 2000, December 31, 2000, June 30, 2002, September 30, 2002, December 31, 2002 and March 31, 2003.

7. On or about November 31, 2001, the Commonwealth of Massachusetts by and through its Department of Revenue, assessed Mr. Weiss as a responsible person under M.G.L. Ch. 62C §31A of Interior Dimensions, Inc. for failure to deposit withheld Massachusetts income tax (the "Mass.RP").

8. The Mass RP assessment resulted in the Massachusetts Department of Revenue filing Notice of Massachusetts Tax Liens with the Southern Middlesex Registry of Deeds on December 24, 2004 and January 23, 2004, and, upon information and belief, with the Massachusetts Secretary of State.

9. On May 19, 2006, the United States by and through its Internal Revenue Service accepted Mr. Weiss' Offer in Compromise of the TFRP Assessment. That Offer in Compromise called for Mr. Weiss to make monthly payments to the United States in the amount of $1,653 for 24 consecutive months commencing on June 25, 2006.

10. Mr. Weiss is in compliance with his Offer in Compromise payments of $1,653 per month as of the date of this Complaint.

11. On or about August 14, 2006, the Commonwealth of Massachusetts served a Notice of Levy against Mr. Weiss upon the Bank of America, N.A., the banking institution where Mr. Weiss maintains his sole checking account and from which he makes his monthly payments of $1,653 to the United States to comply with the terms of his accepted Offer in Compromise.

12. Upon information and belief, the Commonwealth of Massachusetts received proceeds from the Bank of America, N.A., as a result of it complying with that August 14, 2006 levy.

13. Upon information and belief, the Commonwealth of Massachusetts has served other Notices of Levy upon Bank of America, N.A., which Bank of America, N.A., it has complied with by remitting funds to the Massachusetts Department of Revenue.

14. Upon information and belief, the Commonwealth of Massachusetts has served upon Bank of America, N.A. Notices of Levy as to which it has yet to comply.

15. The checking depository account maintained by Mr. Weiss with Bank of America, N.A., Account #XXXX XXXX 9843, is and from March 6, 2005 was the sole repository of his earned income.

16. On October 19, 2006, the balance is said checking account was $440.00.

17. As of October 20, 2006, the balance in said Bank of America account was $440.00.

18. After October 19, 2006, all subsequent deposits to that depository checking account which are from income earned by Mr. Weiss subsequent to October 19, 2006 will be after-acquired property.

19. Funds sought to be levied by the Commonwealth of Massachusetts by and

through its Department of Revenue are property acquired by Mr. Weiss after the United States filed its Federal Tax Lien on October 19, 2006, and, constitute after-acquired property within the meaning of *McDermott v. U.S.*, *Id.* and 26 U.S.C. §6321.

20. There is now no creditor with rights superior to the United States in the after-acquired property of Mr. Weiss.

21. The rights of the Commonwealth of Massachusetts in the after-acquired property of Mr. Weiss are inferior to the rights of the United States if the Commonwealth of Massachusetts has any rights whatever in said after-acquired property.

22. The Commonwealth of Massachusetts and all creditors of Mr. Weiss other than the United States have no rights in and may not enforce any purported rights to said after-acquired property so long as said Federal Tax Liens remain unsatisfied.

## COUNT I

## UNCONSTITUTIONAL SEIZURE OF PLAINTIFF'S PROPERTY

23. Plaintiff Michael A. Weiss repeats and incorporates by reference each of the allegations in paragraphs 1 through 22 inclusive.

24. The Commonwealth of Massachusetts by and through its Department of Revenue has no enforceable right in any of the Plaintiff's tangible personal property including money, earned income and wages, after-acquired property, which came into possession of Mr. Weiss after the United States of America by and through the Internal Revenue Service filed its Notice of Federal Tax Lien in the United States District Court for the District of Massachusetts and while said Federal Tax Liens remain enforceable

and unsatisfied.

25. As a result thereof, the Commonwealth of Massachusetts illegally seized Mr. Weiss's after-acquired property by its levies.

## COUNT II

### THE COMMONWEALTH OF MASSACHUSETTS HAS NO RIGHTS IN AND TO PLAINTIFF'S AFTER-ACQUIRED PROPERTY AND TITLE MUST BE QUIETED AGAINST IT AND ALL CREDITORS EXCEPT THE UNITED STATES WHILE FEDERAL TAX LIENS AGAINST PLAINTIFF REMAIN ENFORCEABLE AND UNSATISFIED.

26. Plaintiff Michael A. Weiss repeats and incorporates by reference each of the allegations in paragraphs 1 through 22 inclusive.

27. As a result thereof, Plaintiff is entitled to a declaration of this Court that until the Federal Tax Liens filed by the United States by and through the Internal Revenue Service are unenforceable by having been satisfied or otherwise, neither the Massachusetts Department of Revenue nor any other creditor other than the United States possesses any rights enforceable by process of any kind in and to after-acquired property of Mr. Weiss.

## COUNT III

### **INJUNCTIVE RELIEF**

28. Plaintiff Michael A. Weiss repeats and incorporates by reference each of the allegations in paragraphs 1 through 22 inclusive.

29. Because no creditor of Mr. Weiss other than the United States possesses any right to seize by any process his after-acquired property, Mr. Weiss and the United States of America are entitled to an injunction against the Commonwealth of Massachusetts enjoining it and it's Department of Revenue from seizing any of the after-acquired property of Mr. Weiss until the Federal Tax Liens of the United States filed in the United States District Court for the District of Massachusetts are satisfied or unenforceable.

## COUNT IV

### **IN THIS INSTANCE 28 U.S.C §1341 IS UNCONSTITUTIONAL**

30. Plaintiff Michael A. Weiss repeats and incorporates by reference each of the allegations in paragraphs 1 through 22 inclusive

31. Mr. Weiss is entitled to a determination by this Court that to the extent 28 U.S.C. §1341 purports to prevent an Article III Court from enforcing *McDermott v. U.S.*, 507 U.S. 447 (1993) and the Supremacy Clause of the Constitution of the United States, 28 U.S.C. §1341 is unconstitutional.

## COUNT V

### DISGORGEMENT OF LEVIED AFTER-ACQUIRED PROPERTY

32. Plaintiff Michael A. Weiss repeats and incorporates by reference each of the allegations in paragraphs 1 through 22 inclusive

33. To the extent the Commonwealth of Massachusetts is found to have levied after-acquired property of Mr. Weiss, Mr. Weiss and the United States of America are entitled to an Order of this Court compelling the Commonwealth of Massachusetts to disgorge such levied after-acquired property with interest and to convey it to the United States Treasury to be applied to amounts due to the United States pursuant to the Offer in Compromise effected between the United States by and through the Internal Revenue Service and Mr. Weiss.

## COUNT VI

### ORDER AS TO BANK OF AMERICA, N.A.

34. Plaintiff Michael A. Weiss repeats and incorporates by reference each of the allegations in paragraphs 1 through 22 inclusive.

35. Both Mr. Weiss and the United States of America are entitled to an Order prohibiting Bank of America, N.A., from making any disposition of any funds in its possession in the name of Mr. Weiss until further order of this Court.

**WHEREFORE**, Plaintiff seeks the following relief:

1. A determination by and declaration of this Court that on or after October 19, 2006, tangible and intangible personalty acquired by Plaintiff Michael A. Weiss was and is after-acquired property within the meaning of *McDermott v. U.S.*, 507 U.S. 447(1993)

and 26 U.S.C. §6321, as are the funds in said depositary account at Bank of America, N.A. coming into existence on or after said date.

2. A determination by and declaration by this Court that all real property acquired by Plaintiff Michael A. Weiss on or after October 3, 2005 in Middlesex County, Massachusetts, is after-acquired property within the meaning of <u>McDermott v. U.S.</u>, 507 U.S. 447(1993) and 26 U.S.C. §6321.

3. A declaration by this Court that the Federal Tax Liens filed by the United States by and through the Internal Revenue Service remain in effect and are enforceable.

4. A declaration and determination by this Court that the Commonwealth of Massachusetts by and through its Department of Revenue seeks enforced collection of a debt of Mr. Weiss from after-acquired property within the meaning of <u>McDermott v. U.S.</u>, 507 U.S. 447(1993) and 26 U.S.C. §6321, held by Bank of America, N.A.

5. An injunction in favor of Plaintiff and the United States of America against the Commonwealth of Massachusetts and its Department of Revenue enjoining it and them from further enforced collection of any debt due it or them from Mr. Weiss from said after-acquired property until Federal Tax Liens existent against Mr. Weiss are satisfied or otherwise no longer in effect or are unenforceable.

6. A declaration that to the extent 28 U.S.C. §1341 purports to prevent an Article III court from enforcing <u>McDermott v. U.S.</u>, 507 U.S. 447(1993) and the Supremacy Clause, it is unconstitutional.

7. An Order compelling the Commonwealth of Massachusetts to disgorge those levy proceeds it received from Bank of America, N.A., which are after-acquired property

of Mr. Weiss, and turn over such funds to the United States Treasury to be applied to amounts due to the United States pursuant to the Offer in Compromise effected between the United States by and through the Internal Revenue Service and Mr. Weiss.

8. Such other relief as this Honorable Court deem just and proper.

> Michael A. Weiss, Plaintiff
> Bank of America, N.A.,
> Involuntary Plaintiff,
> By Counsel
>
> Peter L. Banis
> BBO #028440
> Email: Banispeter@aol.com
> Barry J. McGonigle
> Of Counsel
> BBO #33800
> Jeremiah J. O'Sullivan
> Of Counsel
> BBO# 560602
> PETER L. BANIS, P.C.
> 21 Custom House Street
> Suite 920
> Boston, Massachusetts 02110
> 617.439.9400 phone
> 617.439.9003 fax

Dated: October 20, 2006 at Boston, Massachusetts