UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL A. WEISS, AND ALL OTHER    )
PERSONS SIMILARLY SITUATED,        )
                                   )
Plaintiffs,                        )
                                   )
and                                )
                                   )
BANK OF AMERICA, N.A.,             )
                                   )
Involuntary Plaintiff,             )
                                   )    CIVIL ACTION
v.                                 )    NO. 06-11918-DPW
                                   )
UNITED STATES OF AMERICA,          )
BANK OF AMERICA, N.A.,             )
THE MASSACHUSETTS DEPARTMENT       )
OF REVENUE, AN ADMINISTRATIVE      )
AGENCY OF THE COMMONWEALTH OF      )
MASSACHUSETTS, and THE             )
COMMONWEALTH OF MASSACHUSETTS,     )
                                   )
Defendants.                        )

MEMORANDUM AND ORDER
September 30, 2008

    Plaintiff Michael Weiss brings this putative class action on
behalf of himself and all other taxpayers facing similar
situations.  Weiss alleges that defendant and involuntary
plaintiff Bank of America improperly honored levies against his
checking account for enforced tax collection by defendant
Commonwealth of Massachusetts, notwithstanding Weiss's contention
that defendant United States had superior rights to the funds in
the account.  Weiss seeks declaratory relief regarding the
relative priority of the liens against his property, as well as
monetary relief from Bank of America for remitting his funds to

-1-

the Commonwealth.  Weiss also moves to amend his thrice amended
complaint to add an allegation that the United States breached an
implied covenant with him to take action against other creditors
to protect the priority of its tax liens. (Doc. 55.)  Defendants
United States, Bank of America, and the Commonwealth of
Massachusetts move to dismiss Weiss's claims pursuant to Fed. R.
Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (Docs. 25, 37,
48.).  For the reasons discussed below, I will grant defendants'
motions to dismiss and deny Weiss's motion to amend his complaint
yet again.

## I. FACTUAL BACKGROUND

For purposes of this motion to dismiss, I must take as true
all well-pleaded facts in the operative pleading (plaintiff's
Third Amended Complaint) and draw all reasonable inferences
arising from them in the plaintiff's favor.  *Phoung Luc v.
Wyndham Mgmt. Corp.*, 496 F.3d 85, 88 (1st Cir. 2007) (Lipez, J.).

On or about November 30, 2001, the Commonwealth of
Massachusetts assessed Weiss as a person personally and
individually liable for state income taxes owed by Interior
Dimensions, Inc., a now-defunct Massachusetts corporation.  A
lien arose on that date pursuant to state law in favor of the
Commonwealth as to the assessed tax. (3d Am. Compl. ¶ 13.)  On
December 24, 2004, and January 23, 2004, the Commonwealth filed
Notices of Massachusetts Tax Liens with the Southern Middlesex
Registry of Deeds. (3d Am. Compl. ¶ 14.)

On March 7, 2005, the Internal Revenue Service (IRS) assessed a Trust Fund Recovery Penalty against Weiss on the ground that he was a responsible person for federal taxes owed by Interior Dimensions, Inc. (3d Am. Compl. ¶¶ 9-10.)  On that date, a lien arose in favor of the United States as to the assessed tax.  (3d Am. Compl. ¶ 11.)  The United States filed related federal tax liens in the Southern Middlesex Registry of Deeds on October 3, 2005, and in the United States District Court for the District of Massachusetts on October 19, 2005. (3d Am. Compl. ¶ 10.)

On May 19, 2006, the IRS accepted Weiss's "Offer in Compromise" for a payment schedule of the Trust Fund Recovery Penalty. (3d Am. Compl. ¶ 28.)  This agreement called for Weiss to make monthly payments to the United States in the amount of $1,653 for 24 consecutive months, beginning June 25, 2006. (3d Am. Compl. ¶ 28.)  Weiss has complied with the terms of the Offer in Compromise, making regular payments to the IRS from his Bank of America checking account. (3d Am. Compl. ¶¶ 16, 29.)

On or about August 24, 2006, the Commonwealth served Bank of America with a Notice of Levy against Weiss.  The bank honored the levy and remitted $440 from Weiss's checking account to the Commonwealth.  The bank also charged Weiss a $100 fee to process the levy. (3d Am. Compl. ¶¶ 16-17.)  There are no additional levies by the Commonwealth against plaintiff that are in effect

or pending.[1] (Doc. 42, Opp. of Pl. to Mot. of State Defs. to Dismiss Am. Compl. 6.)  Weiss continues to deposit funds from his earned income into the checking account. (3d Am. Compl. ¶ 16–17.)

## II. ANALYSIS

A.   *Motions to Dismiss the Third Amended Complaint*

Weiss's claims have evolved substantially since his initial complaint.  No longer does Weiss seek any monetary damages from the Commonwealth.  Nor does he seek an injunction to prevent the Commonwealth from levying on his bank account in the future to collect state taxes that plaintiff admits to be owed.  According to Weiss, he abandoned these claims in an effort to avoid "[a]ny possible affront to the Tax Injunction Act."[2] (Doc. 42, Opp. of

---

[1] Weiss initially claimed that the Commonwealth had additional unsatisfied levies outstanding against him, a claim he repeated in the Third Amended Complaint. (3d Am. Compl. ¶ 19.) However, Weiss has elsewhere conceded that the Commonwealth does not, in fact, have any such remaining levies. (Doc. 42, Opp. of Pl. to Mot. of State Defs. to Dismiss Am. Compl. 6.)

[2] The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  The Act also forbids declaratory and monetary relief.  *See Cumberland Farms, Inc. v. Tax Assessor*, 116 F.3d 943, 945 (1st Cir. 1997).  A federal court may, however, hear an interpleader action to determine the relative priority of competing federal and state tax liens.  *See Hudson Sav. Bank v. Austin*, 479 F.3d 102, 109 (1st Cir. 2007); *cf*. *United States v. R & E Corp.*, 1999 WL 680376, *3 (E.D. Pa. 1999) (holding that the Tax Injunction Act did not bar a foreclosure action brought by the United States requiring the court to establish the relative priorities of federal and state tax liens).  Weiss characterizes his claim in this case as an interpleader action under 28 U.S.C. § 2410 to determine the relative priorities of the tax liens against his property.

Pl. to Mot. of State Defs. to Dismiss Am. Compl. 2.)

In the Third Amended Complaint, Weiss seeks two forms of relief.  First, pursuant to 28 U.S.C. § 2410(a)(1) and (a)(5), Weiss seeks an interpleader action to quiet title to any property he acquired after March 7, 2005 ("after acquired property"), the day on which the federal tax liens arose against him.  In particular, Weiss seeks a declaration that under the Supreme Court's holding in *United States v. McDermott*, 507 U.S. 447 (1993), no creditor has rights superior to those of the United States to Weiss's after acquired property so long as the federal tax liens remain in effect.  Second, Weiss seeks money damages from Bank of America for remitting $440 from his checking account to the Commonwealth in response to the levy, and for charging him a $100 processing fee.

The defendants move to dismiss on a variety of grounds, claiming, *inter alia*, that the court lacks subject matter jurisdiction, that Weiss's claims are barred by sovereign immunity (as to the Commonwealth and the United States), and that Weiss has failed to state a claim upon which relief may be granted.  I will dismiss Weiss's claims on more fundamental grounds: for failing to allege an actual case or controversy, and I therefore find it unnecessary to address the defendants' other arguments.

## 1.   Case or Controversy Requirement

It is a "bedrock requirement" under Article III, § 2, of the Constitution that federal courts have jurisdiction over a dispute

"only if it is a 'case' or 'controversy.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citations omitted). Federal courts do not have the power to issue "an opinion advising what the law would be upon a hypothetical set of facts," *Johansen v. United States*, 506 F.3d 65, 69 (1st Cir. 2007) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)), nor to consider a claim that "involves uncertainties and contingent events that may not occur as anticipated, or indeed may not occur at all." *Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dep't*, 973 F.2d 18, 20 (1st Cir. 1992) (per curiam).

    2.   <ins>Priority of Federal & State Tax Liens</ins>

Weiss purportedly seeks an interpleader action pursuant to 28 U.S.C. § 2410(a)(1) and (a)(5) to quiet title to his property acquired after May 7, 2005.[3] In an interpleader action "the plaintiff ordinarily is a mere stakeholder who . . . names as defendants those who are potential claimants to the stake. . . . [I]nterpleader is not available unless the defendants' claims are 'adverse' to each other." *Hudson v. Sav. Bank v. Austin*, 479

---

[3] Section 2410 does not permit an action to quiet title with regard to the funds that have already been paid to the Commonwealth nor with regard to any wages that Weiss has not yet earned. *See Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993) ("As to the former, the government now has not a lien on but title to the money . . . . As to the latter, [plaintiff] . . . has no property right in wages that he has not yet earned, his entitlement to them being contingent on his continued employment.") (citations omitted); *cf.* 28 U.S.C. § 1335(a) (making interpleader actions available only for property the Weiss has in his "custody or possession"). I will therefore treat Weiss's request for declaratory relief under § 2410 as applicable only to wages he has already earned but has not yet paid to either the Commonwealth or the United States.

F.3d 102, 107 (1st Cir. 2007) (citation omitted).  The Supreme

Court has explained that "to bring an interpleader suit, '[a]

plaintiff need not await actual institution of independent suits;

it is enough if he shows that *conflicting claims are asserted* and

that the consequent risk of loss is substantial.'"  *California v.*

*Texas*, 457 U.S. 164, 166 n.1 (1982) (emphasis added) (per curiam)

(quoting *Texas v. Florida*, 306 U.S. 398, 406 (1939)).  In the

instant case, however, Weiss has not alleged that there are any

actual conflicting claims between the United States and the

Commonwealth regarding their respective rights to Weiss's

property.  Weiss does not claim that the United States has ever

asserted the priority of its tax liens relative to the

Commonwealth's tax lien.[4]  The United States has explained that

under its understanding of applicable law, judgment lien

creditors - such as the Commonwealth - are not prohibited from

taking collection action against a taxpayer's after acquired

property even while federal tax liens that may have higher

priority remain in effect. (Doc. 57, Mem. in Opp. to Pl.'s Mot.

to Am. Compl. 4-5)  Furthermore, the United States has expressly

acknowledged that the IRS is obligated under federal law to

refrain from any collection activity against Weiss so long as

Weiss remains in compliance with the Offer in Compromise. (Doc.

---

[4] In fact, Weiss now seeks to amend his complaint to claim
that because the IRS has not taken any action to assert priority
relative to the Commonwealth, it has breached an implied covenant
of the Offer of Compromise. (Doc. 56, Mem. of Law in Support of
Mot. of Pl. to Amend 3d Am. Compl. 3); *see* section II.B, *infra*.

57, Mem. in Opp. to Pl.'s Mot. to Am. Compl. 1, 4); *see* 26 U.S.C. § 6331(k)(2)(C).  Weiss is presently in compliance with the Offer in Compromise and has not alleged that he faces any imminent likelihood of falling out of compliance.

Weiss's complaint asks the court to issue a declaratory judgment as to whether, under the holding from *McDermott*, the United States's tax lien *would* have priority over the Commonwealth's tax lien *if* there were conflicting claims to his property.  Plaintiff does not allege any actual conflicting claims, and no conflicting claims could arise until: (1) the Commonwealth issues another levy against Weiss, (2) Weiss falls out of compliance with the Offer in Compromise, (3) the IRS issues its own levy against Weiss, and (4) Weiss lacks sufficient funds to satisfy the levies from both taxing authorities. Because these contingent events may not occur in the manner Weiss suggests he anticipates, and indeed may not occur at all, this is precisely the type of "merely hypothetical dispute" that federal courts are prohibited from resolving under Article III.  *Mass. Ass'n of Afro-American Police,* 973 F.2d at 20.

### 3.  Plaintiff's Damages Claim Against Bank of America

Weiss seeks money damages from Bank of America for the funds the bank remitted to the Commonwealth and the processing fee the bank charged to him.  Weiss claims that by honoring the Commonwealth's levy, the bank "assumed the risk that the Commonwealth of Massachusetts had enforceable rights in and to the property of Plaintiff and that assumption was erroneously

-8-

founded." (3d Am. Compl. ¶ 60.)  Weiss does not contend that he
himself had any rights superior to the rights of the Commonwealth
in these funds.[5]  Nor does Weiss allege that Bank of America
breached the terms of its debtor-creditor contract with him when
it honored the Commonwealth's levy.  Weiss only claims that Bank
of America remitted his funds to one of his legitimate creditors
(the Commonwealth), despite the fact that another of his
legitimate creditors (the United States) had superior rights to
the funds.  As discussed above, however, the United States has
never asserted priority to the funds in question.  Weiss
essentially claims that Bank of America improperly resolved a
priority dispute that never actually occurred, because there were
never any conflicting claims to the property at issue.  This also
is a "merely hypothetical dispute" and does not, therefore, give
rise to an actual case or controversy.  *Mass. Ass'n of Afro-
American Police,* 973 F.2d at 20.

    B.   *Plaintiff's Motion to Amend the Complaint*

    In yet another attempt to frame a cognizable claim, Weiss
seeks to amend the complaint a fourth time to add an allegation
that the United States breached an implied covenant under the
Offer in Compromise that it would assert the priority of its
federal tax liens in relation to the liens of other creditors.

---

    [5] Weiss has conceded that the Commonwealth had a valid and
enforceable tax lien against him, and that the Commonwealth "is
free to levy upon and seize the assets of the Plaintiff" to
satisfy that lien. (Doc. 54, Opp. of Pl. to Mot. of State Defs.
to Dismiss 3d Am. Compl. 2.)

(Doc. 55.)  According to Weiss, when the IRS computes acceptable terms for an Offer in Compromise, it does not, as a general practice, include state tax liens among a taxpayer's necessary expenses because federal tax liens have higher priority over a taxpayer's after acquired property. (3d Am. Compl. ¶ 41.)  Weiss alleges that when the United States agrees to an Offer in Compromise computed this way, it implicitly promises to protect its priority subsequently against levies from state revenue departments. (Doc. 56, Mem. of Law in Support of Mot. of Pl. to Amend 3d Am. Compl. 3)  Otherwise, Weiss argues, taxpayers who must satisfy debts from multiple taxing authorities will face an undue financial burden. (3d Am. Compl. ¶ 41.)  Weiss seeks an injunction to require the United States to take legal action enforcing a "stay" against his other creditors, including the Commonwealth of Massachusetts, so long as the Offer in Compromise remains in effect. (Doc. 56, Mem. of Law in Support of Mot. of Pl. to Amend 3d Am. Compl. 3)

Although motions to amend pleadings are generally liberally granted, "a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile." *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 792 (1st Cir. 1995). Even assuming, *arguendo*, that an implied covenant exists in this case, Weiss's amendment would be futile as a matter of law because a federal court cannot grant specific performance of contractual obligations against the United States. *See Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989)

("Federal courts do not have the power to order specific performance by the United States of its alleged contractual obligations.").  More generally, the resolution of Weiss's concerns about the wisdom and fairness of the federal government's practices are not appropriate matters for resolution by a federal court.  For these reasons, I will deny Weiss's motion to amend the complaint.

### CONCLUSION

For the reasons set forth more fully above, I DENY the plaintiff's motion to amend the complaint and I GRANT the defendants' motions to dismiss.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE